**STATE of Missouri, Respondent,**

v.

**Tommy RANSBURG, Appellant.**

**No. KCD 28174.**

Missouri Court of Appeals, Kansas City District.

Aug. 2, 1976.

Motion for Rehearing and/or Transfer Denied Aug. 30, 1976.

Thomas M. Larson, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

TURNAGE, Presiding Judge.

This appeal follows the conviction of Tommie Ransburg by a jury of robbery

first degree (Section 560.135, RSMo 1969). By reason of the invocation of the Second Offender Act, the court pronounced sentence of twenty years confinement.

On this appeal, Ransburg raises a question concerning the failure of the court to excuse several veniremen for cause and the refusal of the court to allow counsel to argue the non-production of a witness. Finding no error, the judgment is affirmed.

As indicated, Ransburg raises no question concerning the sufficiency of the evidence. Suffice it to say he and the two other males were arrested inside a grocery store during an armed robbery.

The point relating to the challenge for cause of certain veniremen arose from the following:

MR. HARDING [Defense Counsel]: * * Now, in a criminal case, at least in America, the defendant need not take the stand. As I mentioned before, he is presumed innocent. Is there any member of the panel, and I haven't yet decided whether we'll call Mr. Ransburg as a witness, but is there any member of the panel who would regard Mr. Ransburg's failure to testify as some admission of his guilt?

(One venireman answered in the affirmative and was stricken for cause by the court.)

MR. HARDING: Does anyone else feel that way? Yes, sir, I'm sorry?

MR. MONROE E. McDONALD: I think the man should testify. My name is McDonald. I think any man should testify in his own behalf and in his own defense.

MR. HARDING: You feel he should challenge his accusers?

MR. McDONALD: I think the jury is entitled to face him.

MR. HARDING: Thank you. Anyone else? Please speak up, because it's important to know how you feel about a criminal case. Does anyone feel that way? Mr. Katz?

MR. KATZ: I think I'd be forced to wonder why he did not speak up.

MR. HARDING: All right sir. Thank you.

MR. NOVAK: I'd feel that way, too.

MR. JOSEPH H. KELLY: Joseph H. Kelly. I believe I would, too.

MR. HARDING: We're having an epidemic here. Okay. Now let me direct a question to you gentlemen who have raised your hands. Would this feeling that you have, that a person must challenge his accusers, that he must take the stand, and remembering that under the law he is not required to, but would this feeling cause you to have difficulty in rendering a fair and impartial decision in ·this case? Mr. Kelly?

MR. KELLY: I don't think so, no But—

MR. HARDING: Mr. McDonald?

MR. McDONALD: I believe if I heard the man's voice and his actions under questions by the attorneys and the State, I think I could come nearer to rendering a fair decision as to his guilt or innocence.

MR. HARDING: All right. Thank you. And Mr. Novak?

MR. NOVAK: That's about the way I think. [T. 45–47]

* * * * * *

MR. HUMPHREY [Prosecutor]: Okay. Mr. McDonald, in connection with the question asked by the defense counsel about whether or not the defendant testified, you understand that the law is that as a juror, you can draw no inference from that?

MR. McDONALD: That's right.

MR. HUMPHREY: Would you be able to follow the law that this Judge gives you as to that subject?

MR. McDONALD: I think that I could decide the evidence—I mean, I believe I could establish to my own satisfaction the man's guilt or innocence by the evidence presented against him.

MR. HUMPHREY: Whether or not he testified?

MR. McDONALD: Right. Whether or not he did. It would just help a lot if he did.

MR. HUMPHREY: And you'd be able to follow the instructions of the Court, then, that you are to draw no inference from the fact that he does or does not testify?

MR. McDONALD: Yes, sir.

The point stated in the brief claims the court erred in refusing to strike several veniremen because they testified they believed the accused should take the stand to challenge his accusers. In the argument portion of the brief, it seems to be contended the portion of the voir dire of these veniremen, quoted above, shows a prejudice on their part against Ransburg. From this he argues he was denied a panel of qualified jurors from which to make his strikes.

The parties have stipulated the State struck venireman Kelly with one of its peremptory strikes. The defendant struck veniremen McDonald, Novak and Katz.

■ It is unquestioned the defendant is entitled to a full panel of qualified jurors before he makes his peremptory challenges. *State v. Cuckovich,* 485 S.W.2d 16 (Mo. banc 1972).

■ It is fundamental, of course, that the object of the voir dire examination of a venireman is to determine if he would be fair and impartial if chosen as a juror. *State v. Harris,* 425 S.W.2d 148, 155[8] (Mo. 1968). The court in *Harris,* at the same citation, stated:

"The challenge for cause, on the ground stated, was directed to the sound discretion of the trial court. That court has a wide discretion in determining the qualifications of a venireman and its decision thereon should not be disturbed except for a clear abuse of discretion."

■ This court must also acknowledge the trial court is in a much better position to judge the attitude and demeanor of individual veniremen and to pass on their qualifications than is possible for this court to do by examining a transcript. However, it is necessary for this court to review the examination of veniremen to determine if the trial court did abuse its discretion in failing to excuse for cause those veniremen attacked in this case.

■ In reviewing the examination set forth above, it is to be noted none of the veniremen indicated any feeling or inclination concerning Ransburg's guilt if he failed to testify. In fact, the first question posed by defense counsel, directed to the subject of the defendant testifying, concerned any admission of guilt on a failure to testify. The venireman who said he would consider this an admission of guilt was stricken. None of the remaining panel members stated they would draw any admission of guilt from a failure of the defendant to testify. None of the comments made by the veniremen quoted indicate any bias or prejudice against Ransburg nor do they indicate the formation of opinions which would preclude a fair and impartial consideration of the evidence. Rather, these expressions are to be attributed to conscientious citizens who take their service on juries seriously.

Further, it should be noted that after Mr. McDonald stated he thought Ransburg should testify, he readily agreed no inference could be drawn based on whether or not the defendant would testify. He also indicated he could decide the question of guilt or innocence based on the evidence, whether or not Ransburg did testify.

Persons approaching the serious task of serving on a jury with a sincere desire to find the truth are to be expected to feel they could more nearly reach a fair and just verdict if they heard the accused testify and saw his action under cross-examination. However, the desire for as much evidence and testimony as possible as an aid to arriving at a correct verdict is not to be confused with a closed mind. Nor does this attitude evidence a feeling that failure to testify is an admission of guilt. Not one of the veniremen under attack answered the specific question on that subject in the affirmative.

The examination, rather than showing prejudice, reveals a desire to reach the truth and to come to a fair and impartial conclusion in the case being entrusted to the judgment of these men if they were ultimately chosen to serve on the jury. The conclusion is inescapable to this court that

the above examination shows a conscientious desire to have as much information as possible in order to arrive at a fair verdict rather than any prejudice or preconceived notions of Ransburg's guilt. Ransburg does not contend the court erred with reference to any one venireman, but a review of the entire examination fails to convince this court the trial court abused its discretion in refusing to strike the veniremen involved in the above examination for cause.

Ransburg relies upon *State v. Lovell,* 506 S.W.2d 441 (Mo. banc 1974) and *State v. Scott,* 482 S.W.2d 727 (Mo. banc 1972). In *Lovell* the voir dire revealed a lack of impartiality and the court held the trial judge deferred to the venireman's own judgment of his qualifications. In *Scott* the venireman stated he would hold it against the defendant if he did not testify. Neither case is applicable to the facts of this case. Nor does this case present veniremen who could not say they would impartially try the case as was found in *State v. Thompson,* 541 S.W.2d 16 (1976). Here the essence of the examination was a feeling of fairness and a desire to reach a fair verdict.

 The final point urged related to an argument made by Ransburg's counsel in which he commented on the failure of the State to call a woman customer in the store as a witness. The two owners of the store testified they were present, along with two women customers, when three men entered for the purpose of committing a robbery. Ransburg bases his argument on the fact the prosecutor in exercising due diligence could have learned the identity of at least one of these women and thereby arrives at the conclusion the woman was more available to the State than she was to the defense. Ignoring what may be obvious answers to this argument, such as the right of defense counsel to conduct discovery to determine the identity of the woman, this point may be disposed of by concluding the evidence of this woman customer would have been purely cumulative to the testimony of the two owners. Thus, even if it may be said, which is not decided, that the woman was more available to the State than to

the defense, still, since the testimony would only be cumulative, there is no right on the defense to comment on the failure of the prosecution to call such witness. *State v. Davis,* 504 S.W.2d 221 (Mo.App.1973).

The judgment is affirmed.

All concur.