**STATE of Missouri,
Plaintiff-Respondent,**

v.

**M. L. HILL, Defendant-Appellant.**

**No. 10533.**

Missouri Court of Appeals,
Springfield District.

Sept. 16, 1977.

John D. Ashcroft, Atty. Gen., Bruce E. Anderson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

John S. Pratt, Jr., Springfield, for defendant-appellant.

Before BILLINGS, C. J., and STONE and TITUS, JJ.

BILLINGS, Chief Judge.

Defendant M. L. Hill was convicted of the armed robbery of a Springfield market and sentenced to 20 years imprisonment. Because of error in failing to strike a venireman for cause, we reverse and remand.

During voir dire of the jury panel the following occurred:

"MR. MOEHLE: —Any reason that you can think of that I haven't that you may not be fair to one side or the other, or any reason why I should not pick you as a juror in this case? Yes, sir.

A JUROR: You never did say—you say armed robbery. Did that have to do with a firearm?

MR. MOEHLE: Yes, sir.

THE JUROR: I belong to the N. R. A., and I have a lot of problems over these— things like this. And I think that anybody that uses a firearm in connection with a crime infringes on my rights.

\* \* \* \* \* \*

MR. MOEHLE: You're referring to your right to bear arms?

JUROR KELLEY: That's right. I've been ridiculed and everything else over the thing. And I believe—also believe in capital punishment on some of this stuff. Something has got to be done more than what we're doing.

MR. MOEHLE: *Do you feel that you would pre-judge or have an opinion as to guilt or innocence in the case because of that—before you heard the evidence? That is, your opinion might influence you as to guilt or innocence before you heard the evidence?*

JUROR KELLEY: *I think it could.* I was asked this before. I've been on a jury panel before over another deal that they was considering it on, and that question was asked me before—that same question."

The defendant moved to strike Mr. Kelley from the panel for cause. The trial court did not rule the motion but stated defendant could explore the matter further in his voir dire of Mr. Kelley and in the event the defendant renewed his motion at that time, a ruling would be made.

The following transpired:

"MR. PRATT: Mr. Kelley, you indicated that you were a member of the N. R. A. Is that the National Rifle Association?

JUROR KELLEY: That's right.

MR. PRATT: And I think you indicated that you had rather strong feelings about the use of firearms?

JUROR KELLEY: That's right.

MR. PRATT: Is that right? O.K. And you said, I believe, that if there was evidence that tended to show that a gun was used in the crime that is charged here today that that alone could influence your opinion. Is that right?

JUROR KELLEY: Well, I would believe in that case that a man ought to be given the maximum sentence.

MR. PRATT: I see. So without regard to the other facts of the case, you would tend to say that that person should be guilty?

JUROR KELLEY: *Well, I don't know.* It would certainly make me think. As I say, I've been aggravated over these things, and it's just kind of a thorn in my side, as far as I'm concerned."

The defendant renewed his motion to strike Mr. Kelley for cause and the court denied the motion.

A defendant is entitled to a full panel of qualified veniremen before he is required to make peremptory challenges. *State v. Land,* 478 S.W.2d 290 (Mo.1972). The trial court is vested with broad discretion in ruling a challenge of a venireman for cause and his decision thereon is not to be disturbed unless there is a clear abuse of discretion. *State v. DeClue,* 400 S.W.2d 50 (Mo.1966). Nevertheless, we are bound by *State v. Lovell,* 506 S.W.2d 441 (Mo.banc. 1974), to conclude the trial court should have excused panel member Kelley for cause. His answers indicate, at the very least, "doubt whether [he] could have accorded defendant his right, a fair and impartial trial. With such doubt present, the trial court should have excused him upon defendant's challenge for cause. . . ." *State v. Lovell, supra,* at 444.

Defendant's remaining points are without merit.

The judgment is reversed and the cause remanded for a new trial.

All concur.