**STATE of Missouri, Respondent,**

v.

**Larry J. MERRITT, Appellant.**

**No. KCD 30420.**

Missouri Court of Appeals,
Western District.

Oct. 29, 1979.

Clifford A. Cohen, Public Defender, Gary L. Gardner, Kevin R. Locke, Asst. Public Defenders, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Hope E. Thurrott, Sp. Asst. Atty. Gen., Kansas City, for respondent.

Before DIXON, P. J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Larry J. Merritt was convicted by a jury of carrying a concealed weapon, § 564.610, RSMo 1969, and sentenced by the court under the Second Offender Act to imprisonment for four years.

On this appeal Merritt raises the decisive issue of the failure of the court to discharge a venireman for cause. Reversed and remanded.

Merritt does not dispute the sufficiency of the evidence so a recitation of facts is not necessary except to observe that Merritt was the driver of an automobile which struck another car. A police officer observed the incident and approached Merritt's car and asked Merritt for his driver's license. Merritt agreed to display it, but leaned over to the glove compartment and pulled out a gun.

The only claim of error necessary to be resolved concerns the failure of the trial court to excuse venireman Lockard for cause on the motion of Merritt's counsel. The challenge for cause originated in the following questions and answers during the voir dire:

MR. ROGERS: Some other hands? Yes sir.

VENIREMAN: Going back to the question you had before about the defendant possibly not testifying,—

MR. ROGERS: Okay. You're Mr. Lockard, is that correct?

VENIREMAN LOCKARD: Warren Lockard. That might possibly bias me. I don't know.

MR. ROGERS: Okay. Let me ask it this way: If the defendant does not testify—these are hypothetical questions.

VENIREMAN LOCKARD: Yes.

MR. ROGERS: If the defendant does not testify, and if the court gives you an instruction that says that under the law the defendant has the right not to testify and no inference of guilt or no inference of any kind can be raised from the fact that the defendant does not testify, would you be able to follow that instruction without reservation?

VENIREMAN LOCKARD: I can't say for a hundred per cent sure whether I could follow it.

MR. ROGERS: You might tend to think why wouldn't an innocent person get up and tell his side of the story, is that it?

VENIREMAN LOCKARD: Possibly.

MR. ROGERS: Thank you, sir.

\* \* \* \* \* \*

(Counsel approached the bench and the following proceedings were had:)

MR. ROGERS: Your Honor, I would ask that Mr. Warren Lockard, No. 7, be excused for cause. He indicated he would have trouble following the Court's instructions if the defendant did not testify.

MR. HORMEL: Your Honor, I don't think he—

THE COURT: I'll deny that.

MR. HORMEL: —actually committed himself.

THE COURT: He said he could follow the instruction when he was asked.

MR. ROGERS: He said he might have some trouble following it.

THE COURT: To his last question he said yes, he would follow that instruction.

MR. HORMEL: That's the way I understood it.

Merritt contends Lockard should have been excused for cause because the examination of Lockard revealed that he might consider the failure of Merritt to testify as evidence of guilt.

 The rules under which this contention of error is reviewed are well known. The trial court has a wide discretion in ruling on challenges for cause and that ruling will not be disturbed unless it is against the evidence and can be said to be a clear abuse of discretion. *State v. Treadway*, 558 S.W.2d 646, 649[1, 2] (Mo. banc 1977). Further, the accused "is entitled both to a qualified panel *and* the statutory number of peremptory challenges." *State v. Morrison*, 557 S.W.2d 445, 446[1] (Mo. banc 1977).

 A review of Lockard's brief examination shows that Lockard never unequivocally denied that the failure of Merritt to testify would prejudice him. First it is noted that Lockard apparently raised the question on his own. The transcript does not contain the question asked by Merritt's counsel concerning the failure of Merritt to testify. The transcript begins with an examination of another venireman concerning the effect another crime perpetrated on him would have on his ability to be fair and impartial. After this examination, venireman Lockard raised the question about the possibility of Merritt not testifying. It is obvious Lockard was concerned about this matter or he would not have raised the question on his own after a separate subject had been fully discussed between Merritt's counsel and another venireman. Thus, Lockard must have been concerned about his feeling on this subject.

In response to the question about his ability to follow an instruction on a failure to testify, Lockard said he could not be one-hundred per cent sure whether he could follow it. When asked if he would wonder why an innocent person would not testify, he indicated he possibly would. These were the only questions directed to Lockard concerning his ability to follow the law and to follow the instruction of the court that Merritt's failure to testify was not to be considered as any inference of guilt.

Neither the prosecutor nor the court asked any further questions of Lockard. On the contrary, the court unfortunately did not hear Lockard's responses or misunderstood them because the court stated that Lockard had said he would follow the instruction. This was further compounded by the prosecutor stating that he understood Lockard to say the same.

In *State v. Thompson*, 541 S.W.2d 16 (Mo. App.1976) and *State v. Carter*, 544 S.W.2d 334 (Mo.App.1976) veniremen stated it was possible that certain factors would cause them to be biased. In both cases the court stated the venireman's answer was equivocal and such equivocal answers standing alone without further explanation or clarification indicated the venireman was not unbiased and the court abused its discretion in failing to excuse them for cause. In *Carter* the court stated at 544 S.W.2d 337, "[i]n the presence of equivocal answers by the prospective juror, the trial judge made no effort to question the juror to explore possible prejudice." In *Thompson* the court stated at 541 S.W.2d 18[6], "[n]ot once did he unequivocally state that he could impartially hear and try the case." The same situation obtains in this case. Not once did Lockard unequivocally state that the failure of Merritt to testify would not bias him in hearing this case. To the contrary, his answers revealed a clear doubt on his part that he could listen to the case fairly and impartially without according weight of guilt on the failure of Merritt to testify.

It is unfortunate that the court and prosecutor apparently misunderstood his answers and thus failed to ask any further questions. On the basis of the record of Lockard's examination, the refusal to excuse him for cause was an abuse of discretion.

The State relies principally on *State v. Ransburg*, 540 S.W.2d 172 (Mo.App.1976). However, in *Ransburg* the prosecutor asked further questions which brought an unequivocal response that the venireman would not consider the failure of the accused to testify as evidence of guilt. This court stated that the only venireman who indicated the failure to testify would be an admission of guilt was stricken and that none of the remaining panel members stated they would draw any inference of guilt from the accused's failure to take the stand. *Ransburg* is not applicable to the facts of this case.

The judgment is reversed and the cause is remanded.

All concur.