**STATE of Missouri, Respondent,**

v.

**Richard BANKS, Appellant.**

**No. 47084.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 9, 1984.

Motion For Rehearing and/or Transfer to
Supreme Court Denied
July 9, 1984.

Debra B. Arnold, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

The state charged and a jury found defendant Richard Banks guilty of both first degree burglary and robbery. The trial court sentenced him as a persistent offender to consecutive 20-year prison terms.

Defendant does not challenge the evidentiary sufficiency. His only point here: The trial court prejudicially erred in denying his challenge to venireman White. This because Mr. White had declared on voir dire that the fact defendant had been charged might influence his verdict and therefore he might be unable to presume defendant was innocent.

The state counters that trial court had sufficient grounds to find the challenged venireman could follow the court's instruction even though he "could not ignore the fact that defendant had been arrested."

We quote pertinent parts of the voir dire: Despite the court's comment that the charge was not evidence, Mr. White had said he would consider the charge because there had to be a reason for defendant's arrest. Mr. White could not ignore the fact of defendant having been arrested and charged. He had somewhere heard defendant's name Banks and because defendant had been charged Mr. White twice said he

could not say for sure he could put defendant's arrest out of his mind. He said the fact defendant had been charged might influence his verdict.

The court did not pursue the questioning and answers given by Mr. White. Defense counsel moved the court to strike him from the panel. The court summarily denied this, and defense counsel had to use one of his peremptory challenges to remove venireman White from the panel.

Defendant has preserved the issue in his motion for new trial and his point on appeal.

To justify the trial court's ruling the state now relies on cases holding the court's ruling is discretionary and that all doubts should be resolved in favor of its ruling. But that principle applies where there are doubts about propriety; we find no such doubts here.

There was no doubt venireman White did not have an open mind. His quoted answers showed a mind fixed against acquitting defendant.

As declared in *State v. Lovell*, 506 S.W.2d 441[4] (Mo.1974),

"The total examination shows doubt whether [the venireman] could have accorded defendant his right to an impartial trial. With such doubt present, the trial court should have excused him upon defendant's challenge for cause; the failure to do so constitutes reversible error."

We find the clearest application of the principle in *State v. Ealy*, 624 S.W.2d 490 [1, 2 and 10–12] (Mo.App.1981). There a venireman said he was more likely to believe a police officer than other witnesses. The defendant's challenge was summarily denied. In reversing the appellate court ruled:

"To be a competent juror an individual must be in a position to enter the jury box disinterested and with an open mind, free from bias or prejudice.... The absence of an independent examination by the trial judge justifies a more searching review by an appellate court of the challenged juror's qualifications.... In in-

stances where a prospective juror gives equivocal answers which reveal uncertainty as to his ability to be impartial, the failure of the trial judge to further question the juror to explore possible prejudice may undercut any basis for the trial judge's exercise of discretion and constitute reversible error.... The failure of the trial court to excuse for cause a legitimately challenged venireman is reversible error."

These principles are followed in a long line of cases, such as *State v. Holliman,* 529 S.W.2d 932[21, 22] (Mo.App.1975), *State v. Thompson,* 541 S.W.2d 16[3–5] (Mo.App.1976) and *State v. Hill,* 556 S.W.2d 227 [1–3] (Mo.App.1977).

Reversed and remanded.

KAROHL, P.J., and REINHARD and CRANDALL, JJ., concur.