STATE of Missouri,
Plaintiff-Respondent,

v.

Steven Ephram WOLFF,
Defendant-Appellant.

No. 49096.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 10, 1985.

Robert J. Maurer, Asst. Pub. Defender, Clayton, and Joseph V. Neill, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Victorine R. Mahon, Asst. Atty. Gen., Jefferson City, and Thomas J. Mehan, Clayton, for plaintiff-respondent.

PUDLOWSKI, Judge.

Appellant was convicted by a jury of two counts of forgery, RSMo § 570.090.1(4) (1978). The Circuit Court of St. Louis County entered judgment on the verdict and sentenced appellant to two concurrent five year terms in the Missouri Department

of Corrections and Human Resources. On appeal appellant charges that the trial court committed reversible error in failing to strike for cause a venireman, thereby denying appellant his right to a full panel of qualified jurors before the exercise of his peremptory challenges. We reverse and remand for a new trial.

During voir dire, defense counsel questioned Venireman Amato:

[MR. NEILL:] Mr. Amato, I think I had asked you a question a long time ago and got sidetracked. Would you be able to follow that instruction of law? If my client does not testify and the Judge instructed you that you could not hold that against him, would you be able to follow that instruction of law?

VENIREMAN AMATO: It doesn't make sense to me that your client is on trial and you want me to judge this case by the evidence; and if your client doesn't present any evidence, how do you expect me to judge the case?

MR. NEILL: Okay. Now, Mr. Mehan had spoken earlier about what the burden of proof is and he has the burden to prove each and every element beyond a reasonable doubt. Do you agree with that proposition?

VENIREMAN AMATO: (Nods head.)

MR. NEILL: Do you then agree that I have to prove anything? Do I have to prove my client's innocence?

VENIREMAN AMATO: Do you have to prove it?

MR. NEILL: Yes, or prove testimony or evidence?

VENIREMAN AMATO: Yes, I think so.

MR. NEILL: Okay. So you feel that the defendant has to come forward and present his innocence; is that right?

VENIREMAN AMATO: Oh, definitely. Yeah, sure.

MR. NEILL: Okay. So, do you feel that the defendant has the burden of coming forth with evidence?

VENIREMAN AMATO: Right.

MR. NEILL: All right.

Thereafter, the trial court overruled appellant's motion to strike Venireman Amato for cause on the ground Mr. Amato had given only personal opinions but had not indicated that he would not follow the evidence and instructions of the court.

It is well settled that a defendant is entitled to a full panel of qualified veniremen from which to make his peremptory challenges. *State v. Smith*, 649 S.W.2d 417, 422 (Mo. banc 1983), *cert. denied*, 464 U.S. 908, 104 S.Ct. 262, 78 L.Ed.2d 246 (1983). It is also well established that the denial of a defendant's legitimate request to excuse a prejudiced venireman constitutes reversible error. *State v. Engleman*, 634 S.W.2d 466, 471 (Mo.1982).

In determining the qualifications of a venireman, the trial court is vested with wide discretion and its ruling on a motion to strike will not be disturbed on appeal absent a clear abuse of discretion and real probability of injury to the complaining party. *Smith*, 649 S.W.2d at 422. Evidence of the lack of an independent examination by the trial court, however, justifies a more searching consideration by the appellate court of the appropriateness of excluding a particular juror. *State v. Holliman*, 529 S.W.2d 932, 939 (Mo.App. 1975). Errors in the exclusion of venireman should always be made on the side of caution. *State v. Carter*, 544 S.W.2d 334, 338 (Mo.App.1976). Indeed, "[t]rial judges should sustain challenges to jurors whose responses make questionable their impartiality. The time saved by not doing so is not worth the serious risk it involves to defendant's right to an impartial jury, which, if violated, inevitably results in having to try the case over again." *State v. Stewart*, 692 S.W.2d 295, 299 (Mo. banc 1985).

In *Stewart*, the Missouri Supreme Court held that the trial court committed reversible error by overruling defendant's request that a venirewoman be excused for cause on the basis of her answers to counsel's questions regarding defendant's refusal to testify.

During questioning whether she would hold it against defendant if he did not testify, the venirewoman's replies ranged from saying she did not know, to saying she thought she could still be fair and impartial, to saying she would still want defendant to testify. The questioning ended with the following exchange:

> Q: Okay. Even though you would prefer to hear him testify, will you hold it against him if he doesn't testify?
>
> A: It depends. He has to have the opportunity to do so, and if it were I and things looked against me, I would choose to do so. You get what I mean?
>
> Q: Will you hold it against him if he doesn't testify?
>
> A: No, that's his privilege if he doesn't want to. I suppose that's the privilege not to do so. But well, like you say, there's two different sides ....

*Stewart*, at 298.

The Supreme Court held that the trial court's failure to strike this venirewoman was reversible error:

> "[She] never unequivocally stated that she would not draw any inference of guilt from defendant's failure to testify .... We are left with the definite impression that a defendant's failure to testify would, per se, be an indication to her that he was guilty of the offense charged and a factor which she would consider in arriving at a verdict."

*Id.*, at 299. *See also State v. Scott*, 482 S.W.2d 727 (Mo. banc 1972) (Failure to strike for cause a venireman who would consider the fact that defendant did not testify and would hold it against him was reversible error); *State v. Byrd*, 646 S.W.2d 419 (Mo.App.1983) (Failure to strike for cause veniremen who indicated that even with knowledge of the state's burden of proof and appellant's presumption of innocence, they would have difficulty with the fact that appellant would not testify was reversible error); and *State v. Merritt*, 589 S.W.2d 359 (Mo.App.1979) (Failure to strike a venireman who stated he was uncertain whether he could follow the court's instructions that no inference of guilt could be raised from defendant exercising his right not to testify was reversible error).

 Like the prospective juror in *Stewart*, Venireman Amato never unequivocally stated that he would not draw any inference of guilt from appellant's failure to testify. Instead, he stated that he definitely felt that the appellant still had to come forward and prove his innocence. He made these responses after having heard and understood the court's instructions that the state had the burden of proof, that appellant had a right not to testify, and that no inference of guilt could be drawn from his failure to testify. Venireman Amato demonstrated his lack of impartiality and the trial court should have excused him for cause. Failure to do so was reversible error.

We need not address appellant's remaining points on appeal because it is unlikely that they will reoccur upon retrial.

The judgment of the trial court is reversed and remanded for a new trial.

CRANDALL, P.J., and SATZ, J., concur.