**STATE of Missouri,
Plaintiff–Respondent,**

v.

**David ROBERTS, Defendant–Appellant.**

No. 41852.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 19, 1980.

Michael A. Gross, St. Louis, for defendant–appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George R. Westfall, Pros. Atty., Clayton, for plaintiff–respondent.

STEWART, Presiding Judge.

Defendant was found guilty of the crime of rape and sentenced to a term of twenty years in the Missouri Division of Corrections.

The evidence would support a finding that defendant, who was wearing a ski mask, broke into the home of a young widow during the night time hours and forcibly raped her after threatening to kill her with a knife. Defendant was identified by the victim by reason of a speech impediment. Defendant also gave a confession to the police and to the victim.

For reversal defendant contends that the court erred in (1) denying defendant's request to strike three jurors for cause, (2) limiting the final argument of defense counsel and improperly commenting on the evidence at the time, and (3) refusing to grant a new trial on account of persistent prosecutorial misconduct.

Defendant complains that the court should have struck veniremen Hebenstreit, Meyer and Terranova for cause.

Pertinent portions of the voir dire involving Mr. Hebenstreit follow:

MR. BARRY (Assistant Prosecuting Attorney)

"In addition, there will be evidence that the victim was raped at knife point. In other words, that a weapon was used. Is there anyone here who would not be able to sit impartially as a juror for that reason? Yes, sir. Mr. Hebenstreit, what would your situation be?

VENIREMAN HEBENSTREIT: I just—I just couldn't let that get by.

MR. BARRY: You don't think you could sit impartially?

VENIREMAN HEBENSTREIT: No.

.    .    .    .    .

MR. BARRY: Do you think you could listen to the facts as they came to you on the stand if you were chosen as a juror and not make any judgments until you heard all the facts?

VENIREMAN HEBENSTREIT: I doubt it.

MR. BARRY: You doubt it. Without knowing the facts you have an idea of what you'd do as a juror, is that correct?

VENIREMAN HEBENSTREIT: Just by what you said so far."

The following pertains to Mr. Terranova:

"VENIREMAN TERRANOVA: I feel that evidence of a confession was obtained, it would influence my decision.

.    .    .    .    .

MR. GROSS: Thank you. Mr. Terranova, would it be your feeling then that psychological pressures or any other kind of pressures could never influence an innocent person to confess to a crime?

VENIREMAN TERRANOVA: I wouldn't say never, but I'm saying it would influence me if a confession was obtained that it might influence my decision, yes.

MR. GROSS: That would be appropriate, I mean if I heard a confession I'd be the first to tell you that it would influence my thinking. But my question is in deciding what weight to give that testimony about a confession, will you be able to sit and before making a judgment about the confession, sit and listen to all of the evidence about how and where it was obtained and observe the people who were involved in that confession?

VENIREMAN TERRANOVA: I could sit and listen to it but I think the mere fact that a confession was obtained would sway me one way more than the other."

As to Mr. Meyer the transcript reveals the following:

"Is there anyone else on the jury panel who thinks that the fact that a confession was obtained makes this an open and shut case?

Yes, sir?

VENIREMAN MEYER: Basically.

MR. GROSS: Would you have difficulty sitting as a juror in this case and

reserving your judgment about that confession until you have heard all the evidence about where and when?

VENIREMAN MEYER: Well, I believe a confession is voluntary. I mean if you are not guilty, you are not going to admit it under any circumstances."

The defendant exercised peremptory challenges to strike veniremen Hebenstreit, Meyer and Terranova.

In a jury trial, a party is entitled to a full panel of qualified impartial veniremen before he is required to exercise his peremptory challenges. *State v. Land,* 478 S.W.2d 290, 292 (Mo.1972). In the first instance the trial court must determine whether the venireman who is challenged for cause is qualified. In making this determination the court is accorded broad discretion which may not be lightly disturbed on appeal. We do not however give blind deference to the trial court's exercise of discretion. When the issue is raised on appeal we must review the record to determine whether the trial court has abused its discretion. *State v. Thompson,* 541 S.W.2d 16, 18 (Mo.App.1976).

In the case before us Mr. Hebenstreit when asked if he cold sit impartially, answered "[n]o." He further stated that he doubted that he could await the full development of the facts before coming to a judgment. As we read the record Mr. Hebenstreit had already reached a conclusion as to the guilt of defendant which he doubted he could put aside. It is apparent that Mr. Hebenstreit, if challenged, does not meet the general accepted standards to sit as a juror. *State v. Thompson, supra.* *State v. Carter,* 544 S.W.2d 334 (Mo.App. 1976).

Mr. Terranova and Mr. Meyer very strongly asserted that a confession would weigh heavily against defendant and that it was difficult if not impossible for them to conceive of an involuntary confession. We cannot say that these jurors gave every outward appearance of impartiality as required of jurors in our criminal justice system. We believe it apparent that these

jurors had admitted prejudice which they frankly revealed and which effectively disqualified them. *State v. Carter, supra.* *State v. Holliman,* 529 S.W.2d 932 (Mo.App. 1975).

The subsequent general questions to the entire venire as to whether they would follow the instructions of the court, to which no juror responded, did not serve to rehabilitate the challenged veniremen. The decision of the trial court must rest on facts stated by the veniremen and not upon their conclusions that they could be fair and impartial. *State v. Lovell,* 504 S.W.2d 441, 444 (Mo.banc 1974). Under that standard, upon proper challenge these jurors should have been stricken for cause.

The problem encountered in this case concerns the identity of the challenged veniremen. The challenges were made in chambers by defense counsel who challenged for cause veniremen "5, 15, and 19." They were not identified by name. The State alludes to this problem but it does not contend that the persons challenged were not those named in defendant's brief. Scrutiny of the voir dire reveals that there were four members of the venire who might have been challenged for cause, Messrs. Hebenstreit, Terranova, Meyer, and Wamser. Mr. Wamser had echoed Mr. Hebenstreit's sentiments when questioned by the State. However, when questioned by defendant's counsel his answers indicated that he would be impartial. The defendant undoubtedly felt that Mr. Wamser would fairly judge the case because he was retained on the jury panel. We can only come to one conclusion concerning the identity of the challenged jurors. Veniremen numbered 5, 15 and 19 could only have been Messrs. Hebenstreit, Terranova and Meyer. These jurors with commendable frankness revealed their strong prejudices and should have been removed from the panel for cause. The failure to strike them constitutes reversible error.

We need not lengthen this opinion with a discussion of the remaining issues as they are not likely to and should not reoccur on a retrial of this case.

A review of the transcript with special emphasis on the voir dire and the comments of the attorney for the State convinces us that defendant was not accorded a fair trial. The judgment is reversed and the cause is remanded for a new trial.

WEIER and SNYDER, JJ., concur.