**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Michael SAVAGE, Defendant-Appellant.**

No. 43095.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 25, 1981.

Robert C. Babione, Public Defender, Linda Murphy, Asst. Public Defender, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Linda Murphy, Asst. Attys. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

REINHARD, Judge.

This is an appeal by the defendant Michael Savage from a conviction by a jury of robbery in the first degree. § 569.020, RSMo 1978. The court imposed a twelve year sentence. The issues present on appeal are: (1) whether the court erred in refusing to strike a venireman for cause, and (2) whether the court erred in refusing to instruct the jury on robbery second degree and stealing.

A jury could reasonably find the following: On the evening of August 16, 1979, Rory Calhoun and a companion left their place of employment about 11 p.m. and drove directly to an all-night check-cashing establishment. After cashing his paycheck Mr. Calhoun returned to his car when two men approached the car from opposite sides. The individual on the passenger side, later identified as defendant, pointed a gun at Mr. Calhoun's companion seated on the passenger side of the front seat and stated, "What is it going to be, you're going to give me your money." The other individual on the driver's side demanded Mr. Calhoun's wallet and keys and upon receipt both indi-

viduals fled. Two police officers, who had set up a surveillance of the check-cashing establishment, witnessed the robbery. They pursued the two individuals and subsequently arrested them as they were preparing to depart in an automobile driven by a third party.

Defendant's first contention involves the alleged bias of a juror, Mr. Strittmatter. The juror stated on voir dire that he had sat on other petit juries and on a grand jury. The following exchange between Mr. Moore, assistant circuit attorney; Mrs. Murphy, assistant public defender; and venireman Strittmatter, places defendant's contention in perspective.

"MR. MOORE: . . . So you weren't any part of any grand jury that considered this case?

VENIREMAN STRITTMATTER: No.

MR. MOORE: The fact that you heard some of these facts relating to certain incidents in the city. Do you think that would affect you if you were chosen as a juror?

VENIREMAN STRITTMATTER: No, sir.

MR. MOORE: Could you give both sides a fair trial?

VENIREMAN STRITTMATTER: Yes.

\* \* \* \* \* \*

MRS. MURPHY: I am concerned because you have been on the grand jury a lot, and you have heard a lot of evidence, and this is a person that's been indicted by the grand jury.

Do you think the fact, the mere fact, that he's been indicted by the grand jury means that he must have done something wrong?

VENIREMAN STRITTMATTER: No, not necessarily.

MRS. MURPHY: Do you think the grand jury can indict an innocent person?

VENIREMAN STRITTMATTER: No, I don't think so.

MRS. MURPHY: Wouldn't it be fair to say then because of your experience on the grand jury that you feel that, that he is more apt to be guilty?

VENIREMAN STRITTMATTER: Well, I can't say that either. The grand jury only hears one side of the story, never hears both sides. So the basis of that is when the decision is made, but I can't say whether the man is guilty or not guilty until I hear both evidences.

MRS. MURPHY: But you don't think the grand jury would indict an innocent person. Is that right?

VENIREMAN STRITTMATTER: No.

(Whereupon, the following proceedings were held at the bench out of the hearing of the jury panel):

MRS. MURPHY: Your Honor, based on Mr. Strittmatter's answer that he doesn't feel that the grand jury would indict an innocent person I am going to ask that he be removed for cause.

\* \* \* \* \* \*

MR. MURPHY: [sic] Do you think if you were chosen as a juror in this case that you could follow the instructions the Court gives you that a person is presumed innocent until proven guilty beyond a reasonable doubt?

VENIREMAN STRITTMATTER: That's right.

MR. MOORE: Do you think you could in this case or in any case presume a person innocent until the state proved guilt beyond a reasonable doubt?

VENIREMAN STRITTMATTER: That's right.

MR. MOORE: And you could set aside past experiences?

VENIREMAN STRITTMATTER: Yes.

MR. MOORE: And testimony before the grand jury?

VENIREMAN STRITTMATTER: Yes.

\* \* \* \* \* \*

MRS. MURPHY: Your Honor, I would like to voir dire him. Sir, you say that you do not believe that the grand jury would indict an innocent person. Is that correct?

VENIREMAN STRITTMATTER: I believe that, that's true. Let me preface that by the fact that the amount of evidence that's usually presented at a grand jury is so overwhelming. That, and the fact that we are as a group more know truth is part of the problem I am confronted with right now. As far as I am personally concerned the man is innocent until proven guilty. I would have to hear both sides of the case."

Defendant argues that Mr. Strittmatter could not consistently adhere to the position that the grand jury would not indict an innocent man yet believe that a person is innocent until the state proves guilt beyond a reasonable doubt. Thus defendant asserts that the venireman by stating that the grand jury would not indict an innocent man was biased and the trial court therefore erred in not striking him for cause.

■■■ It is well established that the defendant is entitled to a full panel of qualified veniremen. *State v. Foley*, 144 Mo. 600, 46 S.W. 733, 735 (1898); *State v. Land*, 478 S.W.2d 290 (Mo.1972). The determination as to the qualifications of a venireman rests in the discretion of the trial court. *State v. Thompson*, 541 S.W.2d 16, 18 (Mo. App.1976). This determination should be based on facts stated by the venireman and not on conclusions of the venireman himself as to his ability to act impartially. *State v. Lowell*, 506 S.W.2d 441, 444 (Mo.banc 1974). Since the trial court observed the reaction and demeanor of the venireman, every doubt is to be resolved in favor of the trial court's ruling and that determination will be declared erroneous only if there has been a clear abuse of discretion. *State v. Garrett*, 595 S.W.2d 422, 431 (Mo.App.1980).

■■■ A close examination of the entire record refutes the apparent logic of defendant's argument. Mr. Strittmatter's statement reflected his non-legalistic acknowledgment that a grand jury will not hand down an indictment without evidence to support it.[1] This conclusion is based upon

---

1. Missouri courts have required that there be some evidence to support the issuance of an indictment although the grand jury is the judge of the sufficiency and competency of that evidence. *State v. Brown*, 588 S.W.2d 745, 746 (Mo.App.1979).

Mr. Strittmatter's testimony that being indicted does not mean that one has done something wrong nor mean that one is more apt to be guilty. Clearly Mr. Strittmatter realized that an indictment was not a consideration in the determination of defendant's guilt or innocence. Further he recognized that the evidence presented and procedure involved in a grand jury differs from that in a criminal trial. Mr. Strittmatter stated that he would follow the instructions of the court, could set aside past experiences and give both sides a fair trial. When on numerous occasions Mr. Strittmatter was faced with his apparent inconsistency he repeatedly stated that he believed that a man is innocent until proven guilty.

It is clear that in Mr. Strittmatter's mind no inconsistency existed. His statement was clearly not meant to be a pre-judgment, recognizing that an indicted man has not necessarily committed a wrong. An examination of the record thus reveals that Mr. Strittmatter's statements were not conclusively biased but conversely expressed the conviction of a qualified juror aware of his duties. Therefore the trial court did not abuse its discretion in failing to strike venireman Strittmatter.

Defendant's second contention is that the trial court erred in refusing to instruct the jury on the lesser included offenses of first degree robbery, specifically robbery second degree and stealing. § 569.030 and § 570.030, RSMo 1978. Section 569.020, RSMo 1978, provides that:

"A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he, or another participant in the crime, . . . (4) Displays or threatens the use of what appears to be a deadly weapon or dangerous instrument."

Robbery second degree is defined as the forcible stealing of another's property. § 569.030, RSMo 1978. Stealing is defined as appropriating the property of another with the purpose to deprive him of it, either without consent or by means of deceit or coercion. § 570.030, RSMo 1978. Comparing these offenses, the distinctive element of robbery in the first degree with respect to the present case is the displaying or threatening the use of a deadly weapon.

The rule governing lesser included offenses is set forth in § 556.046, RSMo 1978. Specifically, subsection 2 states:

"The court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense."

The two victims in the present case testified unequivocally that defendant displayed and threatened them with a gun. One of the police officers viewing the robbery also testified that defendant displayed a gun at the time of the robbery. Defendant's defense was that of alibi. His alibi witness was one of the participants in the crime who had already pled guilty. He testified that a gun was used in the robbery but that defendant was not present. There was no evidence introduced that the taking was accomplished without displaying or threatening the use of a deadly weapon. Instructions on lesser included offenses must be given only if they are supported by the evidence. *State v. Mays*, 598 S.W.2d 613 (Mo.App.1980); *State v. Scruggs*, 598 S.W.2d 501 (Mo.App.1980). The evidence presented only supported a verdict of guilty of first degree robbery or not guilty based upon defendant's alibi. Accordingly, the trial court committed no error in refusing the proffered instruction.

The judgment is affirmed.

CRIST, P. J., and SNYDER, J., concur.