**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Charles TAYLOR, Defendant-Appellant.**

**No. 44723.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 14, 1982.

Motion for Rehearing and/or Transfer
Denied Nov. 19, 1982.

Application to Transfer Denied
Jan. 17, 1983.

Joseph W. Downey, Public Defender, Christelle Adelman-Adler, Asst. Public Defender, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, John Jacobs, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

GUNN, Judge.

Defendant appeals his jury tried convictions of first degree burglary, second degree assault, two counts of sexual abuse in the first degree and two counts of felonious restraint. His appeal attacks the trial court's overruling his challenge to two venire persons and the St. Louis City grand jury selection process. We find no error and affirm the judgment.

Defendant does not challenge the sufficiency of the evidence. The jury could readily find that defendant broke into the home of a woman and sexually abused her and her twelve year old daughter. Not content with this malbehavior, defendant swung a shotgun at the woman and other guests in her home.

At trial, defendant testified and owned up to a substantial variety of prior convictions.

Defendant complains of the trial court's refusal to strike two venirepersons for cause, thus forcing him to use peremptory challenges. He first contends that a venireperson should have been excused for cause, since she was acquainted with three police officers who had been endorsed by the state as witnesses.

At the outset, we note the basic principles governing jury selection. A defendant is entitled to a full panel of qualified venirepersons and the statutory number of peremptory challenges. *State v. Engleman,* 634 S.W.2d 466, 471 (Mo.1982). But the trial court by reason of its superior coign of vantage has large discretion in determining the qualifications of a venireperson. *State v. Royal,* 610 S.W.2d 946, 950 (Mo. banc 1981). Therefore, its ruling on a challenge for cause will not be disturbed in the absence of a clear abuse of discretion, with any doubt as to the propriety of such ruling to be resolved in the trial court's favor. *State v. Daniels,* 629 S.W.2d 627, 630 (Mo. App.1982).

■ Competent jurors must be ready to assume their important function with open minds and free from bias or prejudice. *State v. Ealy,* 624 S.W.2d 490, 493 (Mo.App. 1981). But unless there is some fact or admission which the appellate court can reasonably view as disclosing prejudice despite spoken word to the contrary, the trial court should not be convicted of an abuse of discretion in overruling a challenge for cause. *State v. Holliman,* 529 S.W.2d 932, 939 (Mo.App.1975).

■ The venireperson's mere acquaintance with police officers endorsed by the state as witnesses does not alone disqualify her as a juror. *State v. Martin,* 643 S.W.2d 63, No. 44429 (Mo.App.E.D. Aug. 17, 1982); *State v. Dodson,* 551 S.W.2d 932, 934 (Mo.App.1977), *cert. denied,* 434 U.S. 1071, 98 S.Ct. 1255, 55 L.Ed.2d 774 (1978). Although the officers were assigned to the same district as her husband, she knew them only socially. She stated unreservedly that her opinion or acquaintance of the officers would in no way influence her in regard to any determination about their testimony. As she was never uncertain or equivocal in her ability to be impartial, *see State v. Carter,* 544 S.W.2d 334, 337 (Mo. App.1976), we find no appearance of bias or prejudice. Thus, there was no error in the trial court's overruling the challenge for cause.

Defendant also contends that another venireperson should have been excused for cause. And though the second situation presents a closer question than the first, still we find no reversible error.

The second venireperson was asked whether the fact that defendant or a witness had a prior conviction would bear influence on her. Her response was initially affirmative but later cured as shown:

MRS. ADELMAN–ADLER [Defendant's counsel]: Is there anyone here who thinks that if they learned during the course of this trial that a witness or the defendant had previously been convicted of some crime that they would feel that if he was guilty before, he's probably guilty of something now? Mrs. Lucchesi, you feel that way?

MRS. LUCCHESI [Venireperson]: It's difficult to say. I would have to weight it. I have feelings of it, yes.

MRS. ADELMAN–ADLER: You feel that if someone has a prior record that they are more likely to be guilty than not?

MRS. LUCCHESI: Yes.

MRS. ADELMAN–ADLER: That would influence you then in this case if you learned that that situation existed.

MRS. LUCCHESI: It could.

MRS. ADELMAN–ADLER: If you feel that it might or could influence you, you do want the defendant to get a fair trial?

MRS. LUCCHESI: Oh, yes.

MRS. ADELMAN–ADLER: If you feel that in some way you have some prejudice or some opinion that might affect you or might affect one side or the other, do you feel that you would be the fairest juror in this case?

MRS. LUCCHESI: I feel that I could be fair. I'm just telling you. I think it would be in the back of my mind.

MRS. ADELMAN–ADLER: You would have that in the back of your mind during the course of your deliberations?

MRS. LUCCHESI: Yes.

MRS. ADELMAN–ADLER: Is there anyone else who has that feeling or thinks that the fact that a person has been previously convicted would influence you in your decision on the facts in this case?

MR. MOSS [Prosecutor]: I object to that. It can be considered for the credibility of a particular witness that is testifying. Therefore, it would influence the fact.

THE COURT: In the event any evidence comes out in this case about any witness having had a conviction of some crime, the Court would instruct the jury that that fact is to be considered only as far as the believability or credibility of the witness is concerned and certainly no evidence whether or not a person is guilty of the crime that is charged here. I don't know whether that's in this case or not. You all understand what I'm saying? Is there anybody that couldn't follow such an instruction, consider that only for the purpose of credibility and not with regard to the question of guilt or innocence? You understand that?

MRS. ADELMAN–ADLER: Thank you, Judge.

Following voir dire, defendant's challenge for cause of the venireperson was over-

ruled. We find no abuse of discretion by the trial court's ruling in this instance.

■ The substance of this particular voir dire was inquiry concerning credibility of a witness having a prior record of conviction. That is a legitimate subject of concern and a relevant matter to be ultimately considered by a jury. § 491.050, RSMo (Supp. 1981).

■ Certainly, there was no indication by the venireperson that she would not be able to follow the trial court's instructions. See State v. Gregory, 630 S.W.2d 607 (Mo. App.1982) (challenge for cause properly denied though juror believed it was defendant's obligation to put on witnesses).

The venireperson frankly admitted that a prior conviction would probably be in the back of her mind during deliberations. Defendant contends that this should raise a warning flag signalling a prejudiced juror. Defendant's argument fails, however, since it is proper for a juror to consider a prior conviction as evidence of credibility during deliberations. The venireperson's statements reflected a non-legal opinion and were not conclusively biased considered in their entirety. State v. Savage, 621 S.W.2d 116, 118–19 (Mo.App.1981).

Finally, the trial court's remarks to the panel clarifying the law and questioning the jurors served to resolve any problems with the voir dire testimony. The venireperson stated that she could be fair and indicated that she could follow the court's instruction regarding use of a prior conviction. The trial court is in a better position here to determine the ability of the venireperson to be impartial. The determination of the trial court need not be based on any single answer but all the juror's responses, and in this case, failure to respond to direct questioning on the specific issue. State v. Simpson, 610 S.W.2d 75, 77 (Mo.App.1980). See State v. Fenton, 628 S.W.2d 706, 708 (Mo.App.1982), in which the panel's lack of response to the trial court's general question was "clear and unequivocal."

Defendant relies on State v. Roberts, 604 S.W.2d 765 (Mo.App.1980), for the proposition that a general question to the entire venire as to whether they would follow the court's instructions does not rehabilitate a challenged venireperson. But Roberts is easily distinguishable, for in that case only general questions were asked. In this case, the trial court's inquiry was absolutely specific on instructions dealing with the believability and credibility of witnesses. And the specific instructions were referred to not once, but twice—certainly curing any taint of the venireperson's initial response.

There is no indication that the trial judge deferred to the venireperson's assessment of her own qualifications. State v. Thompson, 541 S.W.2d 16, 18 (Mo.App.1976). Therefore, there was no abuse of discretion in overruling the challenge for cause.

■ Defendant argues that the trial court erred in refusing to quash his indictment. His motion, consolidated with other criminal cases in the city of St. Louis, alleges that the grand jury selection process in the city of St. Louis denied him equal protection and his right to a grand jury representing a fair cross-section of the community by reason of discrimination through underrepresentation of blacks in the grand jury pool and blacks and women as grand jury foremen.

Defendant asks that we take judicial notice of the proceedings in State v. Payne, 639 S.W.2d 597 (Mo.1982), now pending in the Missouri Supreme Court, which fully briefed the identical issue. However, the grand jury and grand jury foremen selection process contested here and in Payne has recently been upheld in State v. Baker, 636 S.W.2d 902 (Mo.1982), thus disposing of defendant's argument.

Judgment affirmed.

DOWD, J., concurs.

KELLY, C.J., dissents in separate opinion.

KELLY, Chief Judge, dissenting.

I respectfully dissent, but only with respect to the holding of the majority that appellant's challenge for cause directed

against one of the members of the venire, Mrs. Lucchesi, was properly denied, and I would reverse the conviction and remand the case to the trial court for a new trial for that reason.

The issue involved here is one of the most delicate issues existent in the administration of criminal justice, i.e. for what purposes a jury may consider a prior conviction of an accused of crime in the course of a trial for a crime which has no connection with the crime for which the accused had been convicted. The tendency to consider the conviction of the former crime as some evidence that the accused is also guilty of the crime for which he is then on trial has been recognized by the courts and evidence of such prior convictions are admissible in limited circumstances and may be considered for restricted purposes.

Mrs. Lucchesi candidly admitted that she had feelings that if the defendant had previously been convicted of a crime, he was probably guilty of something at the time of trial and that this feeling could influence her if evidence of a prior conviction came out in the trial. Although she said she would try to be fair and she wanted appellant to have a fair trial, the fact of a prior conviction would be in the back of her mind were she to serve on the jury during the course of its deliberations.

The trial judge, recognizing the problem undertook to instruct the entire panel that if such evidence came in it could be considered only on the issue of believability or credibility of the witness concerned and not whether a person was guilty of the crime charged in the case.

However, although he inquired whether the entire panel understood what he said and whether they could follow his instruction, there is nothing in the record indicating what response, if any, Mrs. Lucchesi made. To sustain the trial court we must

assume that she not only understood the direction of the trial court, but also, despite her earlier difficulties with the evidentiary principle involved, would not only not consider such evidence as evidence of defendant's guilt of the crime on trial, but, would consider it solely on the question of his believability or credibility if he became a witness in the trial.

In the absence of an affirmative response to the questions by Mrs. Lucchesi I do not believe she was a qualified juror and appellant's challenge for cause should have been sustained with the record in the state it was. *State v. Roberts,* 604 S.W.2d 765 (Mo. App.1980).[1]

Here Mrs. Lucchesi's answers were at best equivocal, and in such cases the failure of the trial court to further question *her* to clarify her possible prejudice undercut any basis for the exercise of his discretion and constitutes, in my opinion, reversible error. *State v. Ealy,* 624 S.W.2d 490, 493[12] (Mo. App.1981).

---

1. The only distinction between this case and *Roberts,* supra, is that the "general question" to which Roberts refers were questions directed to the jury panel by trial counsel concerning whether the prospective juror's would follow instructions trial counsel told the jury would be given by the court. The principle involved is the same however, and the purpose of the questions are to ascertain whether the prospective juror understands the law and will abide by it. In either case, unless the juror binds himself to follow the law he is not qualified to serve.