STATE of Missouri, Respondent,

v.

Juan REESE, Appellant.

Juan REESE, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 61408, 63284.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 7, 1993.

Geralyn R. Ruess, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., F. Martin Dajani, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Defendant, Juan Reese, appeals from judgments of conviction, after a jury trial, for robbery in the second degree and burglary in the first degree. He was sentenced as a prior and persistent offender to concurrent terms of imprisonment of 18 years on each count. Defendant also appeals from the denial of his Rule 29.15 motion for postconviction relief after an evidentiary hearing. The judgments of conviction are affirmed; the denial of the Rule 29.15 motion is affirmed.

The evidence at trial, viewed in a light most favorable to the verdict, discloses that Julia Bryant was a seventy-year old widow who lived alone. On May 10, 1991, she was working in her front yard in the early evening when defendant approached her. Defendant told her that the person who was supposed to pick him up did not and that he did not have the bus fare to get home. Ms. Bryant, feeling that something was wrong, told defendant that she would give him some money for bus fare. Her neighbor, Marilyn Terrell, was standing outside near Ms. Bryant when Ms. Bryant told her twice, in an effort to alert her that something may be wrong, that she was going into her house to get defendant bus fare.

Ms. Bryant told defendant to wait outside while she went into her home to get the

money. Ms. Bryant went to her bedroom where she kept her purse, and returned to her kitchen door to see if defendant had gone. Ms. Bryant saw defendant looking into her front window. She became frightened and returned to her bedroom where she called the police. Defendant ran to her back door, opened it, and came running into Ms. Bryant's home. Ms. Bryant attempted to run away from defendant when he caught her, punched her in the face, knocked her to the ground, and kicked her. Defendant put his hands to her throat and threatened her by stating, "you give me some money or I'll kill you." Ms. Bryant told defendant that she would give him the money and that she had already called the police. Ms. Bryant retrieved her purse from the bedroom. Defendant reached into her purse taking her wallet, checkbook, and some papers. While leaving her home, defendant said, "get back in there; don't say anything or I'll kill you." Hearing this, the neighbor, Marilyn Terrell, called the police.

Defendant was apprehended soon thereafter based on a description and information provided by Ms. Bryant and Marilyn Terrell. Ms. Bryant's belongings were found within three feet of the defendant. Defendant was also identified by Ms. Bryant.

Defendant testified at trial that Ms. Bryant voluntarily invited him, a stranger, into her house and gave him her money. Defendant, also denied striking Ms. Bryant.

Defendant first contends that the trial court erred in refusing to instruct the jury on misdemeanor stealing as a lesser included offense of robbery in the second degree. He argues that there was an evidentiary basis to acquit him of the greater charge and convict him of the lesser included offense. *See State v. Eidson,* 701 S.W.2d 549, 551 (Mo.App. 1985).

Robbery in the second degree is defined as forcible stealing. § 569.030 RSMo 1986. Forcible stealing occurs when, in a course of stealing, as defined in § 569.030, the perpetrator uses or threatens the immediate use of physical force upon another person for the purpose of preventing or overcoming resistance to the taking of property or to the retention thereof immediately after the taking. § 569.010(1)(a) RSMo.1986.

A trial court is only required to instruct on a lesser included offense if there is a basis for acquitting defendant of the offense charged and convicting defendant of the lesser included offense. *State v. McMahan,* 821 S.W.2d 110 (Mo.App.1991). Under the evidence in this case, either defendant beat and threatened the victim and forcibly took her money, or the victim voluntarily gave him the money. Either a robbery occurred or defendant was not guilty of any crime. *Burroughs v. State,* 774 S.W.2d 559 (Mo.App.1989). There was no basis for finding him guilty of misdemeanor stealing. Defendant's first point is denied.

Defendant next contends that the trial court erred in overruling objections and denying defendant's motion for a mistrial during the cross-examination of defendant when the State questioned defendant about the whereabouts of his "friend" and missing witness, Tony Moore.

During defendant's direct examination, he explained that he was in University City to play basketball with a friend. He and his friend got into a dispute, leaving defendant abandoned in University City with no money or transportation back to the shelter where he was staying.

Q: What happened after the argument?
A: Well he told me to find my best way home. I could—and he said that he wouldn't be taking me back home.

On cross-examination, the State questioned the defendant about the identity of the man he was playing basketball with that left him with no money or way home.

Q: Where is Tony Moore today?
A: I guess he's still living in the projects. I ain't seen him.
Q: Have you checked to see if he's still living there to come testify for you today?
Mr. Bagsby: Objection. Counsel is trying to put a burden of proof on the defense.
The Court: Overruled.
Q: Did you ever call Tony Moore? He's your friend isn't he?
A: He don't have a phone.

Q: Have you ever had anybody—you or your mother or somebody go check to see if he was there?

A: He was there. I mean, I could still find him. You know, I know where his mother lives. I can find him, you know, but I never did think of to have him come and testify because I really didn't do nothing.

The trial court has broad discretion in its control of cross-examination. *State v. Leisure,* 749 S.W.2d 366, 378 (Mo. banc 1988), *cert. denied,* — U.S. —, 113 S.Ct. 343, 121 L.Ed.2d 259 (1992). Here, the defendant apparently introduced the evidence to give credence to a story that he was abandoned without money or transportation by a friend. Having opened the subject up, the State clearly had a right to cross-examine him on who the friend was and if he was available to the defendant. The witness was an alleged friend of defendant and not known to the State. Clearly, the witness was more available to defendant than to the State. *State v. Robinson,* 752 S.W.2d 949, 953 (Mo. App.1988). If a witness can be expected to testify favorably for a party, he is peculiarly available to that party and not calling the witness may give rise to an inference that his testimony would actually have been unfavorable rather than favorable. *State v. Moore,* 620 S.W.2d 370, 373 (Mo. banc 1981). Finding no abuse of discretion, defendant's second point is denied.

In his third point, defendant claims error by the motion court in the denial of his Rule 29.15 motion. We have reviewed the record. The judgment of the motion court is based on findings of fact that are not clearly erroneous; no error of law appears. An opinion on this point would have no precedential value. Defendant's point is denied. Rule 84.16(b).

Defendant's judgments of conviction are affirmed. The denial of defendant's Rule 29.15 motion is affirmed.

REINHARD and CRIST, JJ., concur.