Michael **WILLIAMS**, Movant–
Appellant,

v.

**STATE** of Missouri, Respondent–
Respondent.

No. 24955.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 3, 2003.

Mark A. Grothoff, Assistant State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty, Gen., Joel A. Block, Asst. Atty. Gen., Jefferson City, for respondent.

KENNETH W. SHRUM, Judge.

Michael Williams ("Movant") seeks post-conviction relief via a Rule 29.15 motion after he was convicted for robbery in the first degree, § 569.020, RSMo (1994), and armed criminal action, § 571.015.[1] Movant alleges, *inter alia*, that his trial counsel was ineffective for not requesting a jury instruction on a lesser-included offense of stealing. The motion court denied Movant's claim without an evidentiary hearing. Movant argues for reversal and claims the evidence adduced at his criminal trial warranted instructing the jury on the lesser offense of stealing, and he was prejudiced by the absence of such an instruction as it deprived the jury of a viable option to

---

1. All rule references are to Supreme Court Rules (2002), unless stated otherwise. All statutory references are to RSMo Cum.Supp. (1998), unless indicated differently.

convict of a less serious charge. We affirm.

Appellate review of a motion court's disposition of a Rule 29.15 motion is limited to deciding "whether the findings and conclusions of the [motion] court are clearly erroneous." Rule 29.15(k). A motion court's findings and conclusions are clearly erroneous only if a full review of the record leaves the appellate court with a definite and firm impression that a mistake has been made. *Franklin v. State*, 24 S.W.3d 686, 689 (Mo.banc 2000).

To prevail on a claim of ineffective assistance of counsel, a movant must show: First, that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances; and second, counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674, 693 (1984). Prejudice under the *Strickland* analysis is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would be different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; 104 S.Ct. at 2068, 80 L.Ed.2d at 698.

When no evidentiary hearing is held on a Rule 29.15 motion, the record must conclusively show that the movant is entitled to no relief. Rule 29.15(h); *Brooks v. State*, 51 S.W.3d 909, 913 (Mo.App.2001). To be entitled to an evidentiary hearing for post-conviction relief: (1) the movant must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not conclusively refuted by the files and records of the case; and (3) the matters complained of must have resulted in prejudice to the movant. *Id.* at 913–14[6].

An account that led to Movant's convictions and sentences can be found in *State v. Williams*, 34 S.W.3d 440 (Mo.App.2001), and need not be repeated here. Suffice it to say, there was evidence to support a finding that Movant was an active participant in a jewelry store robbery in Springfield, Missouri, during which Movant and his accomplice (1) pointed a gun at the person in possession of the jewelry ("Fiedler"), (2) took jewelry owned by another that was valued at over $200,000, and (3) tied Fiedler's hands and feet before leaving the store.

At his criminal trial, Movant did not dispute his participation in these events, but insisted he had been led to believe the robbery was an "inside job;" he participated based on his belief that the jewelry store owner had "arranged the robbery" with Movant's cohort as part of an insurance scam. Based on evidence supportive of that claim, Movant's defense was that he could not be guilty of "forcibly steal[ing] . . . or forcibly tak[ing] something from somebody who is a willing person[;]" that although he "might be potentially guilty of a crime," it was "not armed robbery [nor] armed criminal action." This "claim of right" defense, i.e., Movant honestly believed the property owner, if present, would have consented to the taking of the jewelry, was explained to the jury in his opening statement, the focus of his evidentiary efforts, and the only argument made in defense counsel's lengthy closing remarks to the jury. Even so, the jury rejected the defense and found Movant guilty as charged.

Following his incarceration, Movant filed a timely *pro se* Rule 29.15 motion for post-conviction relief. An amended motion filed by appointed counsel alleged, *inter alia*, that Movant was denied his constitutionally guaranteed right to counsel because his trial lawyer "unreasonably failed to submit a lesser-included class C felony stealing instruction at [M]ovant's trial, and failed to

advise [M]ovant of the possibility of such instruction."

When the motion court dismissed his Rule 29.15 motion, it disposed of this allegation of ineffective assistance as follows:

"Movant's ... 'inside job'... defense, if it applied at all, would apply equally to non-forcible felony stealing. Under the evidence as presented at trial, including [Movant's] admissions, there was no basis on which the jury could find that he was not guilty of forcible stealing but was guilty of non-forcible stealing. It is not ineffective assistance of counsel to request an instruction that is not warranted by the evidence." (Citations omitted.)

In his only point of error, Movant maintains the motion court clearly erred when it made this finding and dismissed his post-conviction motion. He argues there was an evidentiary basis to acquit him of first-degree robbery and convict him of the lesser-included offense of stealing. With that as his premise, he claims his lawyer should have demanded the jury be instructed on the lesser-included offense of stealing and was ineffective for not doing so. We disagree.

As charged here, robbery in the first degree is defined as forcible stealing while armed with a deadly weapon. § 569.020.1(2). Forcible stealing occurs when, in the course of stealing as defined in § 569.030, the perpetrator uses or threatens the immediate use of physical force upon another person for the purpose of preventing or overcoming resistance to the taking of property or to the retention thereof immediately after the taking. § 569.010(1)(a).

A trial court is only required to give a lesser-included offense instruction when the evidence supports acquitting the accused of the greater offense and convicting him of the lesser offense. § 556.046.2; *State v. Hineman,* 14 S.W.3d 924, 927

(Mo.banc 1999); *State v. Mease,* 842 S.W.2d 98, 111–12[27] (Mo.banc 1992). In a factual context akin to that found here, the applicability of the foregoing principle was at issue in *State v. Reese,* 860 S.W.2d 848 (Mo.App.1993). Specifically, Reese was convicted of robbery despite his testimony that the victim had voluntarily invited him into her house and given him her money. On appeal, Reese argued for reversal of his conviction because the trial court refused to instruct the jury on misdemeanor stealing as a lesser-included offense. He insisted his testimony, that the victim voluntarily relinquished her money, provided an evidentiary basis for such an instruction. The *Reese* court disagreed and reasoned as follows:

"A trial court is only required to instruct on a lesser included offense if there is a basis of acquitting defendant of the offense charged and convicting defendant of the lesser included offense. Under the evidence in this case, either defendant beat and threatened the victim and forcibly took her money, or the victim voluntarily gave him the money. *Either a robbery occurred or defendant was not guilty of any crime.* There was no basis for finding him guilty of misdemeanor stealing." (Citations omitted) (emphasis added).

*Reese,* 860 S.W.2d at 849[1, 2].

We are persuaded *Reese* was correctly decided and should be followed. On the record here, either a gun was used to threaten and forcibly take jewelry from Fiedler without the consent of the owner, or the owner consented to a staged taking of the jewelry by Movant and his cohort. As stated in *Reese,* either a robbery occurred or Movant was not guilty of the crime of stealing. *Id.* This follows because *no* evidence was adduced that the participants took the jewelry *without* displaying or threatening the use of a deadly weapon. *See State v. Savage,* 621 S.W.2d 116, 119 (Mo.App.1981). The motion court correct-

ly ruled that the evidence only supported a verdict of guilty of first-degree robbery or not guilty based upon Movant's "consensual taking" defense. *Id.* at 119[5].

Because an instruction on the lesser-included offense of stealing was not warranted by the evidence, the motion court did not clearly err in rejecting Movant's claim that his trial lawyer was ineffective for not tendering such an instruction. *See Clark v. State,* 30 S.W.3d 879, 884[11] (Mo. App.2000) (holding it is not ineffective assistance of counsel to fail to request an instruction not warranted by the evidence). The files and records of this case conclusively show that Movant is entitled to no relief. Point denied.

The motion court's order dismissing Movant's Rule 29.15 motion was not clearly erroneous and is affirmed.

PREWITT, P.J., and RAHMEYER, C.J., CONCUR.